IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEWELL LEE THOMAS, | § | |
| #02350417, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-1757-N (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jewell Lee Thomas, a Texas prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 3), and two amended petitions (ECF Nos. 5, 8). For the reasons set forth below, the District Judge should dismiss Thomas's petition for lack of jurisdiction, or, alternatively, deny it for failure to state a claim.

**Background**

**A. State Proceedings**

Thomas pleaded guilty to felony driving while intoxicated (DWI) in two separate cases before the 283rd Judicial District of Texas. Admin. ECF No. 21-1 at 98–101; ECF No. 22-5 at 6. The trial court assessed his punishment in each case at ten years' confinement and then probated the sentences for six years and assessed a fine of $1,500. ECF No. 21-1 at 98, 103–05. One condition of Thomas's community supervision required him to participate in and to successfully complete a Substance Abuse Felony Punishment (SAFP) treatment program. *Id.* at 123.

But Thomas was discharged from the SAFP program for refusing to participate, *id.* at 145–53, and the State moved to revoke his community supervision in both cases. *Id.* at 139–40, 143–44. After an evidentiary hearing on the motions, the trial court found that Thomas had violated the SAFP condition, revoked his community supervision, and sentenced him to ten years' (total) confinement. *Id.* at 188.

On direct appeal, Thomas raised two issues: (1) the trial court erred by not crediting him for time served before sentencing; and (2) the trial court abused its discretion by revoking his community supervision because it was impossible for him to complete the SAFP program due to his disability. ECF No. 21-3 at 16–21. The Texas Fifth District Court of Appeals modified the judgments and sustained the first issue. ECF No. 23-4 at 36–42; *see also* [Thomas v. State, No. 05-21-00471-CR, 2022 WL 3500007, at \*1–2 (Tex. App. Aug. 18, 2022)](). But the Court overruled the second issue. *See* [Thomas, No. 05-21-00471-CR, 2022 WL 3500007, at \*2]().

Thomas petitioned the Texas Court of Criminal Appeals (CCA) for discretionary review, raising seven grounds that he had failed to raise on direct appeal. *See* ECF No. 23-4 at 2–31; *see also* [Thomas v. Dir., TDCJ-CID, No. 3:23-cv-468-X-BN, 2023 WL 10449089, at \*1 (N.D. Tex. Dec. 20, 2023)](), *rec. adopted*, [2024 WL 1195796 (N.D. Tex. Mar. 19, 2024)](). The CCA refused Thomas's request for discretionary review. *See* ECF No. 23-5 at 2–7; *see also* [Thomas, No. 3:23-cv-468-X-BN, 2023 WL 10449089, at \*1]() (citing *Thomas v. State*, PD-0607-22 & PD-0608-22 (Tex. Crim. App. Feb. 8, 2023)).

Thomas filed six state habeas applications challenging his DWI convictions—three for each of his two convictions. *See* ECF Nos. 23-6 at 32–40, 24-3, ECF No. 24-9, ECF No. 24-11, 24-17. The CCA dismissed the first four because Thomas filed them before his convictions were final. *See* ECF Nos. 24-2, 24-7, 24-10, 24-13; *see also* [Thomas, No. 3:23-cv-468-X-BN, 2023 WL 10449089, at \*2](#) (citing *Ex parte Thomas*, WR-93,153-01, -02, -03 & -04 (Tex. Crim. App.)). The CCA then dismissed Thomas's last two applications without written order. *See* ECF Nos. 24-21, 24-25.

## B. Federal Proceedings

Thomas also filed two other federal habeas petitions in this Court challenging his DWI convictions. *See Thomas v. Dir., TDCJ-CID*, No. 3:23-cv-468-X-BN (N.D. Tex. Mar. 2, 2023); *Thomas v. Dir., TDCJ-CID*, No. 3:23-cv-469-X-BN (N.D. Tex. Mar. 2, 2023). The Court consolidated these actions before ultimately dismissing them without prejudice for failure to exhaust administrative remedies. [Thomas, No. 3:23-cv-468-X-BN, 2023 WL 10449089, at \*1–2](#).

Thomas filed a third habeas application in this Court, *Thomas v. Dir., TDCJ-CID*, No. 3:23-cv-1547-L-BN (N.D. Tex. July 12, 2023), arguing that the Texas court of appeals "overlooked or misconstrued parts of the record where it found that the trial court did not abuse its discretion when it rejected his impossibility defense." [*Thomas v. Dir., TDCJ-CID*, No. 3:23-cv-1547-L-BN, 2024 WL 945863, at \*1 (N.D. Tex. Jan. 23, 2024)](#), *rec. adopted*, [2024 WL 947459 (N.D. Tex. Mar. 5,](#)

2024) (internal quotations omitted) (cleaned up). The court summarily dismissed the application with prejudice under Habeas Rule 4. *Id.* at \*4.

Here, Thomas again seeks to challenge his DWI convictions on four grounds: (1) his conviction violates the Americans with Disabilities Act (ADA) and the Rehabilitation Act because his disability prevented him from completing the SAFP program; (2) Respondent violated Texas Department of Criminal Justice (TDCJ) policies that exempt those with chronic conditions from SAFP programs; (3) staff at the SAFP facility were deliberately indifferent to his medical conditions in violation of the Eighth Amendment to the United States Constitution; and (4) he was placed "in a situation of serious danger" in violation of his Fourteenth Amendment rights. Am. Pet. at 6–8; Sec. Am. Pet. at 6–8.

In his Response (ECF No. 25), Respondent asks the Court to deny Thomas's habeas petition on two grounds: (i) Thomas's claims related to inadequate medical care or access to medical care do not sound in habeas; and (ii) Thomas's claim related to the violation of TDCJ policy fails to state a cognizable habeas issue. Resp. at 7–11. Respondent notes that Thomas "did not properly raise Claims 1 and 4 before the CCA" and that it "cannot address whether Thomas's claims related to [Cause No. 18-10610] were raised before the CCA" because, at the time of filings, Respondent was "still awaiting a complete set of records from Thomas's most recent state habeas action."[1] *Id.* at 7. Regardless, Respondent states that no

---

[1] Respondent later filed an Amended Answer to incorporate information from Thomas's most recent state habeas proceedings. *See* Am. Answer at 1 (ECF No. 31).

procedural defenses apply but reserves the exhaustion defense and procedural default defense. *Id.*

Thomas responded by filing several motions, including: a motion to amend his habeas petition (ECF No. 34), a motion to expand the record (ECF No. 38), a motion for summary judgment (ECF No. 39), and a motion purportedly brought under Habeas Rule 7(c) (ECF No. 40).

**Legal Standards and Analysis**

I.     **<u>To the extent that Thomas's claims are successive, the District Judge should dismiss the habeas petition without prejudice as an unauthorized successive petition.</u>**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances in which a state prisoner may file a second or successive application for habeas relief in federal court. Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If a pending petition qualifies as a successive writ application, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is considered successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of the writ.

---

But Respondent's legal arguments and reservations otherwise remain the same. *See generally id.*

*Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). If a claim in a second or successive petition *was* presented in a previous petition, it must be dismissed. 28 U.S.C. § 2244(b)(1). If a claim in a second or successive petition *was not* presented in a previous petition, it must be dismissed unless:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable;
>
> or
>
> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;
>
> and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Although Respondent does not argue Thomas's petition is successive under § 2244(b), *see* Am. Answer at 7, this is at least the fourth habeas application that Thomas has filed in this District challenging his DWI convictions.

In his most recent application, Thomas raised a single ground: "that the state court of appeals 'overlooked or misconstrued parts of the record' where it 'found that the trial court did not abuse its discretion when it rejected [his] impossibility defense.' " *Thomas*, No. 3:23-CV-1547-L-BN, 2024 WL 945863, at *

1. The Court summarily dismissed the habeas application for several reasons, including:

- "[T]o the extent that Thomas merely raises a challenge premised on the court of appeals's finding that the trial court did not abuse its discretion [in affirming the trial court's revocation of Thomas's community supervision], such a claim is not cognizable under Section 2254." *Id.* at *3;

- "[I]f Thomas's habeas challenge may be read as a claim that the state court denied his right to due process, such that the proceeding itself was fundamentally unfair, his conclusory support for this claim does not show a due process violation." *Id.*;

- "[I]f Thomas instead challenges the state court's rejection of his impossibility defense as not supported by sufficient evidence, this claim should also be denied based on an examination of the Dallas Court of Appeals's reasoned opinion decision . . . under the [AEDPA]." *Id.*

Thomas again attacks the Texas trial court's revocation of his community supervision. Because his prior theories failed, he now tries to cast the revocation as the result of violations of his constitutional and statutory rights. But Thomas could have brought such claims in his prior federal habeas application. Thomas is also unable to show that this action falls within the carveout of § 2244(b)(2) because (A) there is no new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; (B)(i) the factual predicate for the current claims were known to Thomas when he filed his previous habeas applications; and (B)(ii) the facts underlying the claims do not

7

establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have revoked Thomas's community supervision.

So, to the extent that Thomas's claims are successive, the District Judge should dismiss the habeas petition without prejudice as an unauthorized successive petition. *See Williams v. Fed. Dist. Ct., 2012 WL 1570768, at \*2 (E.D. Tex. Mar. 16, 2012), rec. adopted, 2012 WL 1570407 (E.D. Tex. May 3, 2012)* (dismissing habeas application as successive where the petitioner filed three previous petitions challenging the same underlying facts).

## II.    Alternatively, Thomas fails to state a cognizable claim.

### a.  Claims 1, 3, and 4 do not sound in habeas.

Thomas asserts that his conviction resulted from his inability to complete the terms of his probation when the State deprived him of, or access to, adequate health care in violation of the ADA and Rehabilitation Act (Claim 1), the right against cruel and unusual punishment in the Eighth Amendment (Claim 3), and the Fourteenth Amendment in relation to protection from "a situation of serious danger"—a right he alleges that he is afforded due to the "special relationship" between the State and an inmate (Claim 4). Am. Pet. at 6–8; Sec. Am. Pet. at 6–8. But these claims fail because they do not sound in habeas.

A petition for a writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of his confinement. *Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)*; *Jackson v. Johnson, 475 F.3d 261, 263 n. 2 (5th Cir. 2007)*; *Cook v. TDCJ Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994)*. On the other

8

hand, a civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures or the conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). To determine whether a prisoner must pursue habeas relief rather than a civil rights action, the court must consider whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting conditions of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Thomas's claims under the Eighth and Fourteenth Amendments and the ADA do not impact the fact or duration of his confinement. Thomas appears to allege that he would not have been incarcerated but for the violation of these rights. But he does not challenge the relevant law under which he is being held. Indeed, the Texas trial court concluded, after an evidentiary hearing, that Thomas had violated the terms of his community supervision and sentenced him to 10 years' incarceration—a finding that was upheld on direct appeal. *See* ECF No. 21-1; *see also Thomas*, No. 05-21-00471-CR, 2022 WL 3500007, at *3.

Accordingly, the District Judge should dismiss Claims 1, 3, and 4 as not cognizable because they do not sound in habeas. *See Schindler v. Warden, FCI Beaumont*, 2020 WL 5505441, at *1 (E.D. Tex. Sept. 10, 2020) (dismissing habeas application because claims under the Eighth Amendment, Fourteenth Amendment, and ADA are not cognizable in habeas and did not impact the fact or duration of the petitioner's confinement).

### b. Claim 2 is not cognizable for federal habeas review.

Thomas also claims that the TDCJ violated its own policies by not exempting him from participating in the SAFP program (Claim 2). Am. Pet. at 6; Sec. Am. Pet. at 6. But federal habeas review is available only for the vindication of rights that exist under federal law. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

Thus, the District Judge should dismiss Claim 2 as not cognizable for federal habeas review. *See Newton v. Davis*, 2018 WL 3559148 (N.D. Tex. June 20, 2018) (Rutherford, J.), *rec. accepted*, 2018 WL 3549100 (N.D. Tex. July 24, 2018) (denying habeas application that challenged, in part, purported violations of TDCJ policy because such claims are not cognizable in habeas).

### III.    The District Judge should deny Thomas's motion to amend as futile.

Thomas moved for leave to file a third amended habeas application (ECF No. 34). He argues that leave is necessary so he can bring another claim against Respondent: that the trial court abused its discretion in finding that Thomas violated his probation. Mot. Amend at 1–3. But Thomas admits that this Court has already disposed of this claim in a prior habeas application. *Id.* at 1; *see also Thomas*, No. 3:23-cv-1547-L-BN, 2024 WL 945863, at *1. Thus, granting Thomas leave to amend would be futile.

### IV.    The District Judge should deny Thomas's motion for summary judgment and related motions.

Thomas moved for summary judgment under Federal Rule 56 (ECF No. 39), in which he replies to arguments in Respondent's Response and Amended Answer

and otherwise reiterates facts and evidence in support of his habeas petitions. *See generally id.* He asks that the Court "reverse and remand" his underlying state case. *Id.* at 74. But "a motion for summary judgment is not a proper method of adjudicating a petition for a writ of habeas corpus." *Gordon v. Dir., TDCJ-CID, 2018 WL 3060533, at \*1 (E.D. Tex. Apr. 25, 2018)*, *rec. accepted*, 2018 WL 3046540 (E.D. Tex. June 19, 2018) (citing *Browder v. Director, Ill. Dept. of Corr., 434 U.S. 257, 269, n.14 (1978)*; *United States v. Hurley, 2005 WL 1473828 n.5 (N.D. Tex. 2005)*). "*The Rules Governing Section 2254 Cases in the United States District Courts* do not contemplate such a motion." *Brown v. Dir., TDCJ-CID, 2024 WL 5098507, at \*1 (E.D. Tex. Aug. 4, 2024)*, *rec. accepted*, 2024 WL 5098050 (E.D. Tex. Dec. 12, 2024). While Habeas Rule 12 permits a court to apply the Federal Rules of Civil Procedure when appropriate, dispositive motions are not appropriate or necessary in the habeas context. *Id.* This is especially true where, as here, the summary judgment motion essentially seeks the same relief as that sought in the habeas application. *See id.*

So the District Judge should deny Thomas's summary judgment motion (ECF No. 39,).

Thomas also filed various summary judgment related motions, including (i) a motion asking to expand the record in support of his summary judgment motion; for leave to exceed the page limit for his summary judgment motion; and to authenticate documents related to his summary judgment motion (ECF No. 38), and (ii) a motion asking the Court to "admit or deny the authenticity and

11

correctness of petitioner's summary judgment evidence . . . pursuant to Habeas Rule 7(c)" (ECF No. 40). The District Judge should deny these summary judgment related motions as moot.

## Recommendation

The District Judge should dismiss Thomas's habeas petition for lack of jurisdiction or deny it for failure to state a claim. The District Judge also should deny Thomas's motion for leave to amend (ECF No. 34), motion for summary judgment (ECF No. 39), and summary judgment related motions (ECF Nos. 38, 40).

**SO RECOMMENDED.**

February 6, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

12

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).